**Wyner & Tiffany**
Attorneys at Law
Steven Wyner (SBN 77295)
swyner@specialedlaw.org
Marcy J.K. Tiffany (SBN 78421)
mtiffany@specialedlaw.org
Dana H. Wilkins (SBN 245596)
dwilkins@specialedlaw.org
970 W. 190th Street, Suite 302
Torrance, California 90502
Phone: (310) 225-2880
Fax: (310) 225-2881
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER BRENNEISE, et al.,<br>              Plaintiffs,<br>vs.<br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br>              Defendant.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT<br>              Plaintiff,<br>vs.<br>TYLER BRENNEISE, et al.,<br>              Defendants. | Case No.: 08-cv-28 MMA (WMc)<br>(consolidated)<br><br>**JOINT REPORT OUTLINING DISCOVERY TO BE COMPLETED**<br><br>HON. WILLIAM McCURINE, Jr.,<br>U.S. MAGISTRATE JUDGE |

Pursuant to Order of this Court, issued on October 2, 2009, Plaintiffs (in Case No. 08-cv-28 MMA (WMc)) Tyler Brenneise, Allison Brenneise, Robert Brenneise, and Defendants (in Case No. 08-cv-39 MMA (WMc)) Tyler Brenneise, Allison Brenneise, Robert Brenneise (collectively, the "Brenneises"), Steven Wyner and Wyner & Tiffany (collectively, "W&T"), on the one hand, and Defendant San Diego Unified School District (in Case No. 08-cv-28 MMA (WMc)), and Plaintiff San Diego Unified School District ("SDUSD") (in Case No. 08-cv-39 MMA (WMc)), submit this Joint Report outlining the discovery to be completed in these consolidated cases.

## I. SUMMARY OF CLAIMS SUBJECT TO DISCOVERY

### A. Initial Disclosures Subject to Rule 26 of the F.R.C.P.

These consolidated cases involve cross-appeals of an administrative decision issued by the California Office of Administrative Hearings. Although an action for review on an administrative record is exempt from the initial disclosure requirements (Rule 26(a)(1)(B)), these consolidated cases also involve claims or causes of action that are not exempt from the initial disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure ("F.R.C.P.").

The Brenneises' Second Amended Complaint, filed on May 8, 2009, includes four separate claims or causes of action for violations of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("Section 504"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 ("ADA"). It also includes two separate claims for attorneys' fees. The Brenneises' Section 504 and ADA claims are not exempt from the initial disclosure requirements of F.R.C.P. Rule 26. Accordingly, the Brenneises and SDUSD are required to make initial disclosures concerning their Section 504 and ADA claims.

SDUSD's Complaint, filed on January 4, 2009 ((in Case No. 08-cv-39 MMA (WMc)), includes a claim or cause of action against Allison and Robert Brenneise and W&T for recovery of SDUSD's attorneys' fees and costs under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). That claim is not exempt from the initial disclosure

1  requirements of F.R.C.P. Rule 26. The Brenneises and W&T believe that SDUSD, the
2  Brenneises and W&T are required to make initial disclosures concerning SDUSD's
3  claim to recover attorneys' fees and costs. SDUSD believes that no initial disclosures or
4  discovery on this claim is necessary or proper. The question of whether the District is
5  entitled to fees under the IDEA is an objective one, such that discovery on this topic is
6  unnecessary, burdensome and oppressive. To the extent SDUSD is required to provide
7  initial disclosures or to respond to further discovery on this claim, the Brenneises and
8  W&T should be required to provide initial disclosures and respond to discovery on their
9  claims for attorneys' fees as well.
10        Pursuant to F.R.C.P. Rule 26(a)(1)(C), initial disclosures must be made "at or
11 within 14 days after the parties' Rule 26(f) conference unless a different time is set by
12 stipulation or court order . . . ." A Rule 26(f) conference between the parties has not
13 been scheduled or held. The District believes that no Rule 26(f) conference is necessary
14 in light of the July 6, 2009 Early Neutral Evaluation Conference ("ENE"), the September
15 29, 2009 Status Conference, this Joint Report, and the Court's order on September 29,
16 2009 authorizing the parties to commence discovery.
17        SDUSD contends that at the July 6, 2009 ENE, the parties discussed discovery
18 with the Court generally. According to SDUSD, the parties expressed their desire that
19 the discovery stay remain in effect until the Early Neutral Evaluation ("ENE")
20 Conference, and W&T requested discovery on the SDUSD's attorneys fees claim.
21 SDUSD contends further believes that the Court expressed reluctance to continue the
22 discovery stay, and indicated that once it was lifted, the parties would have a very short
23 time to complete discovery, given how long this case has been pending.
24        According to SDUSD, during the September 29, 2009 Status Conference, after a
25 brief discussion about settlement, Magistrate Judge McCurine indicated to SDUSD's
26 counsel that the Brenneises and W&T wanted to set dates for discovery. Counsel for
27 SDUSD recalls that when the parties were all on the line, Magistrate Judge McCurine
28 instructed the parties to prepare this Joint Report. The District's counsel asked whether

the previously imposed stay on motions and discovery was lifted, and the Court responded that the parties could do anything they wanted to do "as of right now." Accordingly, the District believes that the Court should set a date for initial disclosures pursuant to its proposal below.

The Brenneises and W&T do not believe that the July 2009 ENE Conference and September 2009 Status Conference dealt with the issue of discovery. In fact, the topic of discovery was only briefly raised during the July 6, 2009 ENE Conference in light of the Brenneises and W&T request to propound discovery related to SDUSD's claim or cause of action to recover attorneys' fees and costs. On July 8, 2009, this Court issued an Order permitting the parties to propound limited discovery ("July 8. 2009 Order) – e.g., a total of fifteen interrogatories and fifteen request for production of documents – related to SDUSD's claim or cause of action to recover attorneys' fees and costs alleging that the Brenneises and W&T: continued to litigate after litigation had become clearly frivolous; have presented complaints for the improper purpose of harassing the SDUSD, causing unnecessary delay, and needlessly increasing the cost of litigation; have engaged in "bad faith conduct"; and, as a result SDUSD has incurred substantial attorneys' fees and costs (collectively, "SDUSD's Attorneys' Fees Claim").

Moreover, contrary to SDUSD's contention, the Court's September 29, 2009 Minute Order does not state that the parties may commence discovery. Although the Court did orally comment on discovery during the telephonic Status Conference, the Court also commented that it would not be appropriate for W&T to focus on discovery before this Joint Report is filed.[1]

In setting the original date for the ENE Conference, the Court expressly stated that: "Rule 26 of the Federal Rules of Civil Procedure shall apply to this case." Notice and Order for Early Neutral Evaluation Conference, entered on February 23, 2009 ("ENE

---

[1] The District denies this statement was made.

Joint Report re Discovery

3

08 CV 0028 MMA (WMc)

Conference Order"). This Court's Local Rules requiring an ENE Conference and a Case Management Conference ("CMC") make clear that the Court, and not the parties, controls the manner in which the litigation proceeds by requiring conferences among the parties and a Magistrate Judge before any scheduling conference is calendared, or any scheduling order is issued, pursuant to Rule 16 of the Federal Rules of Civil Procedure. Under Local Rule 16.1(c)(1), an ENE Conference must be held before a Magistrate Judge for the purpose of exploring settlement. Under Local Rule 16.1(c)(2), if no settlement is reached at the ENE Conference, the Magistrate shall set a date for a Case Management Conference ("CMC"). At the conclusion of the CMC, the Magistrate Judge shall prepare a case management order. While the Brenneises and W&T are frustrated by slow progress of this case, they do not believe that to be adequate rationale for circumventing either the Federal Rules of Civil Procedure or this Court's Local Rules.

The Brenneises and W&T believe that to date, with a limited exception as it relates to SDUSD's Attorneys' Fees Claim, this Court has not yet addressed the issue of discovery in these consolidated cases. Thus, a Rule 26(f) conference is required and the initial disclosures should be timely made by both parties within 14 days of that conference.

**B. Discovery to be Conducted by the Brenneises and W&T, Following Initial Disclosures**

Pursuant to this Court's July 8, 2009 Order, on July 10, 2009, Defendant Steven Wyner propounded and served four interrogatories and thirteen requests for production on SDUSD concerning SDUSD's Attorneys' Fees Claim. On August 13, 2009, SDUSD served its responses to those interrogatories and that request for production ("SDUSD's Discovery Responses"). The verifications for each of those Responses were not served until August 14, 2009. The Brenneises and W&T maintain that the SDUSD failed to produce any documents on August 14, 2009, as required. The SDUSD states that approximately 1,500 pages of responsive documents were produced along with the Responses on August 13. Neither the Brenneises nor W&T received any of the

"approximately 1,500 pages of responsive documents" which SDUSD claims to have produced.

Prior to the Case Management/Settlement Conference held on August 19, 2009, W&T reviewed SDUSD's Discovery Responses and formed the opinion that such responses were evasive, incomplete, and in some instances wholly nonresponsive. At the end of the Case Management/Settlement Conference, Magistrate Judge McCurine ordered a stay, prohibiting the parties from filing any further motions and from conducting any further discovery, including, but not limited to, staying any meet and confer regarding SDUSD's Discovery Responses, pending further settlement negotiations.

During a telephonic Status Conference held on September 29, 2009, Magistrate Judge McCurine ordered the parties to submit a joint report outlining discovery to be completed, and lifted the stay on discovery. W&T is ready to meet and confer with SDUSD's counsel regarding SDUSD's Discovery Responses. However, W&T understood the Court's comments on September 29th as an admonition to complete and file this Joint Report before taking any further action in the litigation   SDUSD disagrees with this understanding, as it is under the belief that it specifically asked the Court whether the stay was lifted on motions and discovery, and the Court responded that the parties could do anything they wanted to do in the litigation "as of right now."[2]

---

[2] On September 30, 2009, SDUSD filed a motion for partial summary judgment, or in the alternative, a motion for a ruling on its IDEA appeal, seeking reversal of all issues decided in the Brenneises' favor in the administrative decision, and setting a hearing for November 2, 2009. The Brenneises' opposition must be filed on October 19th. The Brenneises' contend that SDUSD's moving papers exceed the page limits for motions, and SDUSD should not have filed its motion until District Court Judge Anello issues his ruling on SDUSD's motion to extend page limits, which was taken under submission pending the ENE Conference held on August 19, 2009. SDUSD disagrees with these contentions.

On October 2, 2009, Defendant SDUSD propounded 124 requests for production of documents which it served on Plaintiff Tyler Brenneise, a minor. Defendant SDUSD also propounded 37 requests for production of documents, which it served on Plaintiff Robert Brenneise, and a separate set of requests, also including 37 requests for production, were served on Plaintiff Allison Brenneise. On October 9, 2009, the District propounded interrogatories on each of those Plaintiffs. The Brenneises and W&T believe this discovery was propounded in violation of F.R.C.P. Rule 26(d)(1), which prohibits discovery before the parties have met and conferred in accordance with Rule 26(f), unless by stipulation or court order, and that a Rule 26(f) conference has not been scheduled or held. For the reasons indicated above, the SDUSD disagrees with these contentions.

W&T intends to schedule a telephonic meet and confer during the week of October 12th for the purpose of resolving and/or narrowing the scope of discovery disputes concerning SDUSD's Discovery Responses, and its alleged production of "approximately 1,500 pages of responsive documents". The Brenneises and W&T contend that SDUSD failed to produce any documents, including those which SDUSD indicated that it would produce, in its response to the 13 items requested for production. Depending on the outcome of that meet and confer, the Brenneises and W&T may file a motion to compel further responses, if such discovery dispute cannot be resolved. The District is willing to participate in a telephonic meet and confer that week, and also to hold a Rule 26(f) conference that the Brenneises and W&T contend has been lacking, so as to avoid any delay in the serving of initial disclosures.

At such time as SDUSD serves responses that the Brenneises and W&T deem appropriate, the Brenneises and W&T intend to propound and serve requests for admissions.[3]

---

[3] The SDUSD disagrees with the characterization of its previous responses to discovery as inappropriate and/or incomplete.

At such time as SDUSD serves responses to requests for admissions that the Brenneises and W&T deem appropriate, the Brenneises and W&T intend to notice the depositions of the following individuals, identified by SDUSD in its discovery responses as having knowledge of the facts asserted in its responses to interrogatories: MarySue Glynn, Sheila Doctors, Howard Taras, Linda Vergara, Michele Bronson, Matthew Howarth, Mary Kay Chandler, Phyllis Gahan, Patricia LaBouff, Anne Callies, and Becky Paradise.

In addition, the Brenneises intend to serve interrogatories, requests for production of documents, requests for admissions, and to notice depositions with respect to their Section 504 and ADA claims. Because SDUSD has not made any initial disclosures, the Brenneises are unable to identify all individuals who they may wish to depose. However, W&T believes that the depositions of certain of the individuals identified in the preceding paragraph will be taken as to those claims, as well as SDUSD's Attorneys' Fees Claim. W&T anticipates that such depositions will take approximately six to seven days to complete, excluding any motions to compel.

Taking into account, the parties differing perspectives in this litigation, from which it may be inferred that motions to compel discovery responses may be required, as well as the fact that initial disclosures have not been made, W&T respectfully requests eight months to complete discovery, excluding the time necessary to hear and adjudicate any motions to compel filed before the expiration of such eight month period.

**C. Discovery to be Conducted by the SDUSD, Following Initial Disclosures**

SDUSD anticipates serving additional requests for production of documents on the Brenneises, as well as interrogatories and requests for admissions. It also plans to depose all of the plaintiffs.

In addition, it anticipates serving subpoenas for the production of records or for the production of records and testimony on third party witnesses, including witnesses relevant to Tyler Brenneise's medical conditions, his extracurricular activities, and his education after leaving the SDUSD, and to other issues arising under the Section 504 and

7

1  ADA claims, including implementation of his stay put IEP and of Administrative Law
2  Judge Ruff's order. It also anticipates serving subpoenas relevant to the remedies
3  requested by all of the Brenneises under their Section 504 and ADA causes of action.
4  Additional subpoenas may be necessary on topics relevant to the credibility of the
5  Brenneises.
6      SDUSD also anticipates moving for a physical examination of Tyler Brenneise
7  relating to his health conditions.
8      At this time, SDUSD anticipates taking the following depositions:

| PERSON | WHEN | WHERE |
|---|---|---|
| Robert Brenneise | January 2010 | Minnesota |
| Allison Brenneise | January 2010 | Minnesota |
| Tyler Brenneise | January 2010 | Minnesota |
| PMK at the Minnetonka School District | January 2010 | Minnesota |
| Chris Vinceneux | February 2010 | San Diego |
| PMK at KIDS Therapy Options | February 2010 | San Diego |
| PMK at ACES | February 2010 | San Diego |

20      Depending upon the information learned through discovery and investigation, the
21  deposition of others with knowledge of Tyler Brenneise's medical conditions, his
22  extracurricular activities, the implementation of his academic program during stay put,
23  and his education after leaving the SDUSD, and of the facts relevant to the remedies
24  requested by all of the Brenneises under the Section 504 and ADA causes of action,
25  and/or depositions going to the credibility of the Brenneises may be necessary.
26      Depending upon the Court's view of the discoverability of issues relating to the
27  attorneys' fees claims, discovery on those topics may be necessary as well.
28

SDUSD proposes the following schedule for completing initial disclosures and discovery:

| WHAT | WHEN |
|---|---|
| Initial Disclosures | October 30, 2009 |
| Non-expert Discovery Cut Off | April 30, 2010 |
| Expert Disclosures | May 31, 2010 |
| Rebuttal Expert Disclosures | June 30, 2010 |
| Expert Discovery Cut Off | July 30, 2010 |

SDUSD does not believe that any changes should be made to the limitations imposed on discovery under the Federal Rules of Civil Procedure in terms of restrictions on the number of interrogatories per party, the number of depositions per side, or the restriction on deposing the same person more than once in a case, as set forth in F,R.C.P. 33(a) and 30(a)(2)(A)-(B). SDUSD notes that the Brenneises and W&T's proposed discovery plan, set forth above, includes depositions of at least eleven individuals. The District does not agree that they should be permitted more than 10 non-expert depositions total, and believes that any individual they depose should be deposed only once. This is especially true here, as the parties have already spent 27 days in hearing, and there is a voluminous administrative record with testimony of each of the witnesses they plan to depose. In addition, SDUSD disagrees with the Brenneises and W&T's characterization of the previous interrogatories they served upon SDUSD as being four in number. It is SDUSD's position that those interrogatories contained numerous discrete subparts, such that they each comprised multiple interrogatories.

The Brenneises and W&T disagree with the forgoing discovery schedule and limitations on discovery proposed by SDUSD. Indeed, the Brenneises and W&T believe that such contentions are beyond the scope of the Joint Report requested by the Court. The Brenneises and W&T believe that the parties are required to meet and confer pursuant to Rule 26(f) to address such issues, file a written report with the Court

outlining the plan for discovery, make their initial disclosures within 14 days of the Rule 26(f) conference, and await the Court's scheduling order.

**The Brenneises and W&T did not understand the Court's request for a Joint Report outlining discovery that needs to be completed as a substitute for a Rule 26(f) conference.**

Respectfully submitted,

Dated: October 9, 2009

*Wyner & Tiffany*
ATTORNEYS AT LAW

/S/ Steven Wyner
Attorneys for the Brenneises,
Steven Wyner, and Wyner & Tiffany

Dated: October 9, 2009

*Miller Brown Dannis*
ATTORNEYS AT LAW

/S/ Amy R. Levine
Attorneys for San Diego
Unified School District

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of 18 and that I am not a party to this action. On October 9, 2009, I served this JOINT REPORT OUTLINING DISCOVERY TO BE COMPLETED on the San Diego Unified School District by serving their counsel of record electronically via electronic mail,.

Dated: October 9, 2009                               /S/ Dana H. Wilkins