# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.B., a minor, by and through his *Guardian ad Litem*, ALLISON BRENNEISE, and ROBERT BRENNEISE,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. 08CV28-MMA (WMc)<br><br>[Consolidated Action]<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S EX PARTE APPLICATION**<br><br>[Doc. No. 198] |
| SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>vs.<br><br>BRENNEISE, et al.,<br><br>Defendants. | |

On October 7, 2011, Defendant San Diego Unified School District ("Defendant" or "District") filed an *ex parte* application to: (1) refile its motion for judgment on the pleadings, which the Court denied without prejudice on May 4, 2011; and (2) increase the page limitations on the District's anticipated motion for summary judgment on the section 504 and ADA claims. [Doc. No. 198.] Plaintiffs oppose Defendant's *ex parte* request. [Doc. No. 199.] For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's *ex parte* application.

I. **RELEVANT PROCEDURAL HISTORY**

On April 14, 2011, Defendant filed two dispositive motions, including: (1) a motion for partial judgment on the pleadings "with respect to the Plaintiffs' claims of forced relocation to Minnesota and the alleged damages connected with the move" [Doc. No. 131]; and (2) a motion for summary judgment on Plaintiffs' fifth and seventh claims for relief [Doc. No. 132]. Approximately two weeks later, on May 2, 2011, Magistrate Judge McCurine issued an order intended to streamline and expedite the litigation of this case by setting specific guidelines and limitations on the parties' dispositive motion practice. [Doc. No. 142.] Specifically, Judge McCurine instructed each side to "file a single motion for summary judgment regarding the remaining administrative claims in this consolidated action," if any, by June 13, 2011. [*Id.* ¶1.] Judge McCurine further advised the parties, that "any challenges to the relevant administrative proceedings, including the OAH Decision and the issues related to the compliance investigation by the California Department of Education, shall be deemed <u>waived</u> if not addressed by the parties' June 13 cross-motions for summary judgment." [*Id.* (emphasis in original).]

Judge McCurine's May 2 order further held that if the parties intended to file motions for summary judgment regarding the section 504 and ADA claims, they were required to do so within 30 days of the Court's ruling on the administrative claims; the Court limited each side to a single summary judgment motion on the section 504 and ADA claims. [*Id.* ¶4.] The parties were advised "**the Court will not entertain additional dispositive motions outside the scope of the motions outlined in this order.**" [*Id.* at p.2 (bold in original).] Accordingly, consistent with Judge McCurine's May 2 Order, on May 4, 2011, the Court denied Defendant's two dispositive motions filed on April 14, "without prejudice to the District's ability to refile its motions in a manner consistent with the Court's May 2, 2011 Scheduling Order." [Doc. No. 143 (caps omitted).]

On June 13, 2011—the deadline to file dispositive motions on the administrative claims—each party filed a "Notice of Non-Filing of Motion" for summary judgment. [Doc. Nos. 152, 153.] Plaintiffs also sought guidance regarding whether they should promptly file their motion for attorneys' fees associated with their third claim for relief and the Court's denial of the District's appeal of the OAH Decision. [Doc. No. 153, p.2.] On June 22, 2011, the Court instructed Plaintiffs

1  to file their attorneys' fee motion associated with the administrative claims by July 25, 2011. [Doc.
2  No. 154.] The Court also amended its May 2 Order with respect to the remaining claims, and
3  ordered each party to file its motion for summary judgment on the section 504 and ADA claims, if
4  any, within 30 days of the Court's ruling on Plaintiffs' motion for attorneys' fees. [*Id.*]
5  Less than one month later, on July 21, 2011, Judge McCurine issued a Scheduling Order
6  which requires, among other things, that all pretrial motions be filed on or before November 28,
7  2011. [Doc. No. 158.] Plaintiffs' motion for attorneys' fees is currently under submission. [Doc.
8  No. 191.] Defendant notes that Judge McCurine's July 21 Scheduling Order does not reference the
9  Court's prior orders governing the parties' dispositive motion practice (i.e. Doc. Nos. 142, 154).
10 [Doc. No. 198, p.3.]

**II.   DISCUSSION**

**(A)   Motion for Judgment on the Pleadings**

Defendant asserts it intends to refile its motion for partial judgment on the pleadings to address Plaintiffs' claims of forced relocation to Minnesota and damages purportedly related to the move. [Doc. No. 198.] Defendant contends refiling its motion for judgment on the pleadings is consistent with the Court's orders on this matter. Specifically, Defendant asserts the Court previously dismissed the motion without prejudice to the District's ability to refile, and the Court did not expressly mention the motion for judgment on the pleadings in its scheduling orders. [*Id.* at p.2.] The Court, however, finds that the record unambiguously prohibits Defendant from filing a separate motion for judgment on the pleadings at this stage of the litigation.

First, Judge McCurine's May 2 Order explicitly advises the parties that "the Court will not entertain additional dispositive motions outside the scope of the motions outlined in this order." [Doc. No. 142, p.2.] The Order expressly permits each side to first file a motion for summary judgment on the administrative issues, and subsequently, to file a second motion for summary judgment on the section 504 and ADA claims. [*See generally, id.*] Second, after Judge McCurine issued his May 2 Order, the Court denied Defendant's motion for partial judgment on the pleadings "without prejudice to the District's ability to refile its motion[] *in a manner consistent with the Court's May 2, 2011 Scheduling Order.*" [Doc. No. 143 (italics added).] Accordingly, consistent

with the May 2 Order, Defendant may raise the arguments made in its earlier motion for judgment on the pleadings *within* its upcoming summary judgment motion on the section 504 and ADA claims. However, to the extent Defendant desires to file a separate, stand-alone motion for judgment on the pleadings, in addition to the anticipated motion for summary judgment, it is not permitted to do so.

The relevant Court orders have consistently limited each side to a single dispositive motion on the administrative claims, and a single dispositive motion on the section 504 and ADA claims. Although the orders refer only to motions for summary judgment, the clear intent behind the orders is to focus the progression of this action and limit the number of dispositive motions filed by the parties to ensure an efficient resolution to this consolidated action. Accordingly, Defendant's *ex parte* application is **GRANTED IN PART**, to the extent Defendant desires to raise arguments regarding Plaintiffs' ability to recover damages associated with their alleged forced relocation to Minnesota, *within* its motion for summary judgment on the section 504 and ADA claims. Defendant's *ex parte* application is **DENIED IN PART**, however, to the extent Defendant intends to file a separate motion for judgment on the pleadings, in addition to the contemplated motion for summary judgment on the section 504 and ADA claims. The Court declines to modify its existing scheduling orders that do not contemplate, nor allow, Defendant to file more than one dispositive motion on the section 504 and ADA issues.

**(B)     Page Limitations**

Defendant also moves the Court to expand the page limitations for its anticipated summary judgment motion on the section 504 and ADA claims. Defendant originally requested the Court to increase the page limitation on its opening brief from 25 pages to 50 pages, and the limitation on its reply brief from 10 pages to 25 pages. [Doc. No. 198.] In its reply, Defendant indicates 45 pages for its opening brief and 20 pages for its reply would be sufficient, given Plaintiffs' representation that they intend to dismiss their sixth claim for relief. [Doc. No. 200.] Upon due consideration, and in light of the issues that will be addressed in the summary judgment motion, the Court finds Defendant's original request for a 50-page opening brief and 25-page reply is warranted. Accordingly, Defendant's *ex parte* application is **GRANTED IN PART** as it applies to the page

limitations. In addition, the page limitation for Plaintiffs' opposition brief to Defendant's motion for summary judgment is hereby increased from 25 pages to 50 pages.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's *ex parte* application. [Doc. No. 198.] The Court **DENIES** Defendant's application to the extent Defendant desires to file a motion for judgment on the pleadings in addition to its anticipated motion for summary judgment on the section 504 and ADA claims. The Court **GRANTS** Defendant's application to the extent it intends to include the arguments raised in its prior motion for judgment on the pleadings *within* its summary judgment motion. Lastly, the Court **GRANTS** Defendant's request to increase the page limitation on its upcoming summary judgment motion, and hereby increases the page limitation on Defendant's opening brief from 25 pages to 50 pages, and increases the limitation on Defendant's reply brief from 10 pages to 25 pages. **IT IS FURTHER ORDERED** that the page limitation for Plaintiffs' opposition brief to Defendant's motion for summary judgment is increased from 25 pages to 50 pages.

Consistent with the Court's most recent scheduling order of July 21, 2011, the parties shall file their respective motions for summary judgment on the section 504 and ADA claims within 30 days of the Court's ruling on Plaintiffs' motion for attorneys' fees, but in no event, later than November 28, 2011—the pretrial motion cut-off. [*See* Doc. No. 158, ¶5.]

**IT IS SO ORDERED.**

DATED: October 18, 2011

Hon. Michael M. Anello
United States District Judge