**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| T.B., a minor, by and through his *Guardian ad Litem*, ALLISON BRENNEISE, and ROBERT BRENNEISE,<br><br>　　　　　　　　Plaintiffs,<br>vs.<br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br>　　　　　　　　Defendant.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br>　　　　　　　　Plaintiff,<br>vs.<br>BRENNEISE, et al,<br>　　　　　　　　Defendants. | CASE NO. 08-CV-28-MMA (WMc)<br><br>[Consolidated Action]<br><br><br>**ORDER DENYING MOTION FOR RECONSIDERATION ON AMOUNT OF ATTORNEY'S FEES**<br><br>[Doc. No. 241] |

　　T.B., a minor, and his parents Allison and Robert Brenneise, move for reconsideration of the Court's order granting them over $50,000 for attorneys' fees and costs pursuant to the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. § 1415(i)(3). Having considered the arguments and record, the Court **DENIES** the motion for reconsideration.

///

///

## DISCUSSION

The Brenneises first argue the Court committed a clear error of law by reaching a decision that was fundamentally inconsistent with the principles underlying the IDEA. *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). They portray the decision as authorizing a school district to banish a disabled child from public school by forcing the parents to accept money and educate him on their own.

Here, the Court applied the provision of the IDEA that prohibits parents who prevailed on the merits from recovering fees and costs from the school district for services rendered "subsequent to the time of a written offer of settlement" if "the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement" unless the parents were "substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(D)(i), (E). As the Court explained, the Brenneises clearly had the right to pursue vigorously and exhaustively their numerous IDEA claims in the administrative and judicial arenas after a reasonable person would have accepted a favorable settlement offer, "'but the right to have their attorneys fees picked up by the taxpayers is more circumspect.'" *T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469, 477 (7th Cir. 2003) (quoting *Edie F. v. River Falls Sch. Dist.*, 243 F.3d 329, 336 (7th Cir. 2001)). The Court decided the motion for attorney's fees based upon the specific and unique facts of the case.[1] The decision was consistent with the IDEA by encouraging parties to settle their disputes so that the child can obtain an immediate educational benefit without generating excessive legal fees.

As a separate reason, the Court exercised its discretion to award only those fees and costs incurred before the Brenneises' unreasonably rejected a generous settlement.[2] This decision was not based on the statutory bar of § 1415(i)(3)(D)(i), but was nonetheless

---

[1] *Woods v. Northport Public Sch.*, 2011 WL 1230813, at *26 & n.4 (W.D. Mich. Mar. 31, 2011) (noting acrimony that generated fees exceeding $400,000), *aff'd in part and rev'd in part* 2012 WL 2612776 (6th Cir. July 5, 2012).

[2] *Woods*, 2011 WL 1230813, *aff'd in part and rev'd in part* 2012 WL 2612776, at *13 (affirming that "simply because post-offer attorneys' fees and cost were not *banned* by 20 U.S.C. § 1414(i)(3)(D), does not mean that the district court could not consider the relief ultimately obtained by plaintiffs in exercising its discretion in determining the *amount* of a 'reasonable' attorneys' fee award").

informed by the policies of the IDEA.  Congress drafted the IDEA to minimize the expense of administrative hearings and litigation by encouraging parents and schools to resolve their disagreements in constructive ways to improve the child's education.  *Schaffer v. Weast*, 546 U.S. 49, 58-59 (2005); *e.g.*, *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 425-26 (5th Cir. 2009).

"A finding that a party is a prevailing party only makes him eligible to receive attorneys' fees under the IDEA; it does not automatically entitle him to recover the *full amount that he spent on legal representation*."  *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (emphasis added); *Gates v. Deukmejian*, 987 F.2d 1392, 1403 (9th Cir. 1992).  The Court found they were the prevailing parties and then awarded a suitable amount.  *See* Opp. Br. at 19-20.  As to the amount of fees, the Court considered, among other factors, the minimal degree of success the Brenneises obtained.  One way to measure success is to examine whether the child obtained an educational benefit.  The Court analogized to the *Farrar v. Hobby*, 506 U.S. 103 (1992) decision and found that T.B. did not directly benefit from the order affirming the administrative law judge's finding that he had been denied a free and appropriate education in the 2006-2007 school year.  *See Jodlowski v. Valley View Cmty. Unit Sch. Dist. No. 365-U*, 109 F.3d 1250, 1255 (7th Cir. 1997) (denying fee award for a tactical, illusory, and insignificant victory).

The bulk of the instant motion contains arguments the Brenneises could have made in their original motion, and thus do not warrant granting a motion for reconsideration.  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  As to Mrs. Brenneise's private thoughts and wishes, the School District correctly notes that its settlement offer was shaped by her express demands (often through counsel) at the time.  "Here, the parent asked for money to continue to privately place T.B. for the next five years.  The District should not be forced to bear the cost of the parents' failure to accept an offer giving them exactly what they asked for."  Opp. Br. at 11, 13-14, 17-18.

In addition, the Brenneises argue that the Court improperly made factual findings about Mrs. Brenneise's subjective reasons for rejecting the settlement offer.  They assert that

1 no amount of money can ever be considered more favorable than "disenrolling" a disabled
2 child from public school. They now request an evidentiary hearing.

3       The Court rejects this argument. As discussed in the prior Order, the comparison
4 between the settlement offer ($150,000 a year) and the value of the relief obtained (a
5 modification of the Individualized Education Plan that T.B. never used) was a difficult and
6 close question. The Court applied the IDEA attorneys' fees provision based on an
7 assessment of the facts in the case at hand. The Brenneises had a fair opportunity to argue
8 their position in their opening and reply briefs, but ultimately the Court rejected their
9 explanation, in part, because it was a post-hoc creation that was not grounded in the record at
10 the time the parties discussed settling their IDEA disputes. *See J.P. v. Cnty. Sch. Bd. of*
11 *Hanover Cnty., VA*, 641 F. Supp. 2d 499, 508 (E.D. Va. 2009) (requiring a "good faith,
12 reasonable belief" to reject settlement offer). Nothing in the Court's decision establishes a
13 *per se* rule.

14       The Brenneises also ask the Court to consider facts developed after they moved to
15 Minnesota in 2008. *See* Brenneise Decl. However, this is not "new" evidence that would
16 justify reconsideration of the Court's prior ruling. *School Dist. No. 1J, Multnomah Cnty.,* 5
17 F.3d at 1263. Moreover, the evidence is for the most part irrelevant because the Court
18 examined the reasonableness of the decision from the parents' perspective at the time they
19 rejected the offer in May 2007, as it was bound to do. *See J.P.*, 641 F. Supp. 2d at 508; *L. V.*
20 *Woonsocket Educ. Dep't*, 793 F. Supp. 41, 45 (D. R.I. 1992) (judging reasonableness of
21 decision not to settle based on evidence available to parents at time of offer).

22       The Brenneises also argue that they are entitled to recover the attorneys' fees they
23 incurred in this federal action to secure the offer of judgment on the California Compliance
24 Complaint, *see* Fed. R. Civ. P. 68, but fail to cite any authority that those fees are exempt
25 from Section 1415(i)(3)(D)(i) or the Court's discretion.

26       The Brenneises further request "a clear statement of the base[] hours [the Court]
27 started with for each professional or the total number of hours it reduced for each category of
28 objections that it sustained." The Court went through every page of the billing statements

and added up the hours that were reasonable and compensable for each professional.  "Courts need not attempt to portray the discretionary analyses that lead to their numerical conclusions as elaborate mathematical equations, but they must provide sufficient insight into their exercises of discretion to enable [the appellate court] to discharge [its] reviewing function." *Cunningham v. Cnty. of L.A.*, 879 F.2d 481, 485 (9th Cir. 1988).  The Court clearly and concisely explained the reasons for various deductions (such as the bar on time associated with IEP Team Meetings, the minimal degree of success, and clerical activities) and its calculations can be determined from the descriptions in the billing entries.  *Id.* at 484 ("we do not require an elaborately reasoned, calculated, or worded order; a brief explanation of how the court arrived at its figures will do"); *Gates*, 987 F.2d at 1399 ("Despite the 'concise but clear' requirement, in cases where a voluminous fee application is filed in exercising its billing judgment the district court is not required to set forth an hour-by-hour analysis of the fee request.") (citations omitted and quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Brenneises' motion for reconsideration.  [Doc. No. 241]

**IT IS SO ORDERED**.

DATED:  July 13, 2012

Hon. Michael M. Anello
United States District Judge