AMY R. LEVINE, State Bar No. 160743
alevine@DWKesq.com
SARAH L.W. SUTHERLAND, State Bar No. 239889
ssutherland@DWKesq.com
MATTHEW J. TAMEL, State Bar No. 229378
mtamel@DWKesq.com
Dannis Woliver Kelley
275 Battery Street, Suite 1150
San Francisco, CA 94111
Telephone: 1.415.543.4111
Facsimile: 1.415.543.4384

Attorneys for Defendant
SAN DIEGO UNIFIED SCHOOL DISTRICT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.B., ALLISON BRENNEISE, AND ROBERT BRENNEISE, | Case No. 08-CV-0028 MMA (WMc) |
| Plaintiffs, | **DECLARATION OF AMY R. LEVINE IN SUPPORT OF DISTRICT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (FIFTH CLAIM FOR RELIEF)** |
| v. | |
| SAN DIEGO UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |
| | Date: November 7, 2016 |
| | Time: 2:30 pm |
| | Dept : Courtroom 3A |
| | Judge : Honorable Michael M. Anello |
| | Trial: February 14, 2017 |
| | Complaint Filed: January 4, 2008 |

I, AMY R. LEVINE, declare:

1.    I am an attorney licensed to practice law in this Court, and one of the attorneys of record for Defendant San Diego Unified School District ("District"). I

1

DWK LB 607846v1

DANNIS WOLIVER KELLEY
275 BATTERY STREET, SUITE 1150
SAN FRANCISCO, CA 94111

am submitting this declaration in support of the District's Reply to Plaintiffs' Opposition To Motion for Summary Judgment (Fifth Claim for Relief). I know these facts to be true based on my own personal knowledge, except for the facts which I believe to be true upon information and believe. If called as a witness, I could competently testify to these facts.

2. I am employed as a Shareholder with the law firm of Dannis Woliver Kelley ("DWK"). DWK is an education law firm that represents educational agencies in California, and primarily public school districts. I have been employed by DWK since 2005, and prior to that worked for three years for another law firm whose primary focus was also on the representation of California public school districts. I have practiced law in California since 1992.

3. One of my areas of practice is in special education, and litigation related to special education. I have handled due process cases before the California Office of Administrative Hearings ("OAH") and its predecessor agency, the California Special Education Hearing Office. I have also litigated numerous Individuals with Disabilities Act appeals in the courts.

4. I am generally familiar with how due process cases are handled in California, and how they were handled at the time the dispute in this case arose. It is and has been the practice in California for special education practitioners to plead separate issues that they wish to have resolved at the administrative level. Those issues are usually plead separately for each IEP at stake, or for each school year at stake. For special education purposes, a school year can run according to the annual review date of the particular student, and does not necessarily coincide with the academic year. The OAH administrative law judges will often reorganize or restate the issues in a prehearing conference order and/or in the OAH decision that they issue. They too typically organize the issues by IEP and/or by school year or by IEP year. Thus, in the world of special education practice, each school year or

Dannis Woliver Kelley
275 Battery Street, Suite 1150
San Francisco, CA 94111

2

**DECLARATION OF AMY R. LEVINE IN SUPPORT OF DISTRICT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (FIFTH CLAIM FOR RELIEF)**                  **Case No. 08-CV-0028 MMA**

1   IEP year is considered a separate issue.

2       5.      I am currently representing the Antioch Unified School District in a

3   due process proceeding before OAH.  In that case, the parent's attorney included in

4   her amended due process complaint the issue of "Did Antioch School District

5   refuse to assess student in health as awarded in case #2015030589?"  Attached as

6   Exhibit A is a true and correct copy of Student's/Petitioner's Amended Request for

7   Due Process in *Antioch Unified School District* (2016) OAH Case No. 201606398

8   (see p. 10).  By that issue, the parent sought to litigate whether that district had

9   failed to perform an assessment that OAH had ordered in a previous due process

10  hearing decision between the parties.

11      6.      In response to that filing, I filed a motion to dismiss that issue on

12  behalf of the Antioch Unified School District, claiming that OAH had no

13  jurisdiction over that issue under *Wyner v. Manhattan Beach Unified School*

14  *District*, 223 F.3d 1026 (9th Cir. 2000), a case on which Plaintiffs rely here.  A true

15  and correct copy of the Antioch Unified School District's Motion to Dismiss

16  Petitioner's Amended Complaint is attached as Exhibit B.

17      7.      On August 12, 2016, OAH issued an order denying my motion to

18  dismiss on the grounds that the Parent sought to determine whether the failure to

19  comply with the prior OAH order denied the student a FAPE, citing *Pedraza v.*

20  *Alameda Unified School District*, 2007 WL 949603 (N.D. Cal. 2007).  A true and

21  correct copy of OAH's "Order (1) Granting Motion to Amend Complaint and (2)

22  Partially Granting District's Motion to Dismiss as to Issue 6(a) Only" is attached as

23  Exhibit C.

24      8.      Also in that Antioch Unified School District case, the District had

25  raised the argument that the second OAH proceeding was barred by the first OAH

26  proceeding because the same issues had been litigated between the same parties for

27  an earlier time period.  More specifically, the first OAH case alleged claims through

28

DANNIS WOLIVER KELLEY
275 BATTERY STREET, SUITE 1150
SAN FRANCISCO, CA 94111

3

**DECLARATION OF AMY R. LEVINE IN SUPPORT OF DISTRICT'S REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (FIFTH
CLAIM FOR RELIEF)**                                          **Case No. 08-CV-0028 MMA**

March 14, 2015, while the second OAH case alleged claims through June 1, 2016. The District filed a motion to dismiss the second OAH case on the grounds of res judicata and collateral estoppel, but OAH found that res judicata only applied as to claims raising the issue of assessment and child find – the basis for the first case. However, OAH refused to bar the parent from litigating those very same issues after March 14, 2015, because it addressed a separate time period.  A true and correct copy of OAH's July 15, 2016 "Order Granting Motion to Dismiss Time Barred Claims and Limiting Issues Two Through Five" is attached as Exhibit F.

9.   My firm subscribes to a special education database called "Special Ed Connection" that publishes cases through two specialized reporters – LRP and IDELR.  That database includes decisions issued by the California Office of Administrative Hearings.  Attached as Exhibits D and E are true and correct copies of two cases I obtained from the Special Ed Connection database that were decided by the California Office of Administrative Hearings and that are cited in the District's brief, *Oakland Unified School District*, 112 LRP 57713 (Cal. SEA 2012) and *Los Angeles Unified School District*, 115 LRP 39059 (Cal. SEA 2015).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 31st day of October, 2016, in Novato, California.

*/s/Amy R. Levine*
Amy R. Levine

Dannis Woliver Kelley
275 Battery Street, Suite 1150
San Francisco, CA  94111

**DECLARATION OF AMY R. LEVINE IN SUPPORT OF DISTRICT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (FIFTH CLAIM FOR RELIEF)                          Case No. 08-CV-0028 MMA**

DWK LB 607846v1