EXHIBIT "F"

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>PARENT ON BEHALF OF STUDENT,<br><br>v.<br><br>ANTIOCH UNIFIED SCHOOL DISTRICT. | OAH Case No. 2016060398<br><br>ORDER GRANTING MOTION TO DISMISS TIME BARRED CLAIMS AND LIMITING ISSUES TWO THROUGH FIVE |

    Parent on Student's behalf filed a request for due process hearing and mediation (complaint) on June 1, 2016, naming Antioch Unified School District, Synergy Education Project, and the California Department of Education. The Office of Administrative Hearings dismissed the California Department of Education on June 22, 2016. On July 6, 2016, Antioch filed a motion to dismiss time-barred claims and those claims barred by the doctrines of res judicata and collateral estoppel. OAH did not receive a response from Student.

## APPLICABLE LAW

    OAH will grant motions to dismiss allegations that are facially outside of OAH's jurisdiction (e.g., civil rights claims, section 504 claims, enforcement of settlement agreements, incorrect parties, etc.). Special education law does not provide for a summary judgment procedure to resolve disputed facts.

    The statute of limitations in California is two years, consistent with federal law. (Ed. Code, § 56505, subd. (l); see also 20 U.S.C. § 1415(f)(3)(C).) However, title 20 United States Code section 1415(f)(3)(D) and Education Code section 56505, subdivision (l), establish exceptions to the statute of limitations in cases in which the parent was prevented from filing a request for due process due to specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint, or the local educational agency's withholding of information from the parent that was required to be provided to the parent.

    Federal and state courts generally adhere to the related doctrines of res judicata and collateral estoppel. (*Allen v. McCurry* (1980) 449 U.S. 90, 94 [101 S.Ct. 411, 66 L.Ed.2d 308]; *Levy v. Cohen* (1977) 19 Cal.3d 165, 171.)

    Res judicata, or claim preclusion, describes the preclusive effect of a final judgment on the merits. (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896-97. It prevents relitigation of the same cause of action in a second suit between the same parties or parties in

privity with them. (*Ibid.*) Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause of action is merged into the judgment and may not be asserted in a subsequent lawsuit; conversely, a judgment for the defendant bars further litigation of the same cause of action. (*Ibid.*) All claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date. Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigating the same cause of action on a different legal theory or for different relief. (*Mycogen*, supra, 28 Cal 4th at pp. 896-897 (citing (*Weikel v. TCW Realty Fund II Holding Co.* (1997) 55 Cal.App.4th 1234, 1245).)

In *Nev. v. United States* (1983) 463 U.S. 110 [103 S.Ct. 2906, 77 L.Ed.2d 509], the United States Supreme Court stated that "the doctrine of res judicata [claim preclusion or issue preclusion] provides that when a final judgment has been entered on the merits of a case, '[it] is a finality as to the claim or demand in controversy'," involving parties and those in privity with them. (*Id.* at pp. 129-130 [citation omitted].) In other words, res judicata and collateral estoppel also preclude the use of evidence that was admitted, at a prior proceeding.

In California, a cause of action for purposes of res judicata determined in accordance with the "primary right" theory. (*Mycogen*, supra, 88 Cal. 4th at p. 904.) A 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty. (*Mycogen*, supra, 88 Cal. 4th at p. 904, citing *Crowley v. Katleman* (1994) 8 Cal.4th 666, 681–682, 34 Cal.Rptr.2d 386, 881 P.2d 1083.) A primary right is simply the plaintiff's right to be free from the particular injury suffered. It is not to be confused with the legal theory of liability, or the remedy sought. A primary right is indivisible: the violation of a single primary right gives rise to but a single cause of action. (*Mycogen*, supra, 88 Cal. 4th at pp. 904-905.)

Collateral estoppel, or issue preclusion, precludes relitigation of factual or legal issues that have been argued and decided in prior proceedings. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335.) The doctrine applies only if the following requirements are fulfilled. First, the issue sought to be precluded from re-litigation must be identical to that decided in a former proceeding. Second, the issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. The party asserting collateral estoppel bears the burden of establishing these requirements. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.)

The doctrines of res judicata and collateral estoppel serve many purposes. These include relieving parties of the cost and vexation of multiple lawsuits, conserving judicial resources, and encouraging reliance on adjudication by preventing inconsistent decisions. (*Allen*, supra, 449 U.S. at p. 94; see *University of Tennessee v. Elliott* (1986) 478 U.S. 788, 798 [106 S.Ct. 3220, 92 L.Ed.2d 635].)

2

Collateral estoppel and res judicata apply to determinations made in quasi-judicial administrative settings. (See *Pacific Lumber Co. v. State Resources Control Board* (2006) 37 Cal.4th 921, 944, citing *People v. Sims* (1982) 32 Cal.3d 468, 479; *Hollywood Circle, Inc. v. Department of Alcoholic Beverage Control* (1961) 55 Cal.2d 728, 732.)

The Education Code contains a specific provision regarding res judicata or collateral estoppel in a special education proceeding. The provision states that the procedural safeguards in the code "do not preclude a parent from filing a separate due process hearing request on an issue separate from a due process hearing request already filed." (Ed Code, § 56509. See also 20 U.S.C. § 1415(o); 34 C.F.R. § 300.513(c) (2006).) Therefore, although parties are precluded from litigating issues already heard in previous due process proceedings, parents are not precluded from filing a new due process complaint on issues that could have been raised and heard in the first case, but were not.

## DISCUSSION

Antioch's motion seeks dismissal of all time-barred claims, and claims 2, 4 and 5 in Student's complaint (Complaint Two) based on the principles of collateral estoppel and res judicata. The motion is supported by a declaration under penalty of perjury and authenticated exhibits, including a published decision in the consolidated matters of OAH case numbers 20150030589 and 2015020590 (Complaint One), which involved the same parties.

The relevant legal issue that went to hearing in Complaint One was: "Did Antioch deny Student a FAPE from June 2013 to March 13, 2015, by failing to assess her in all areas of suspected disability, specifically in relation to her diagnosis of Hashimoto's diseases, and other frail health concerns?"

Student's issues in Complaint Two relevant to this motion are:

1.  Did Antioch make specific misrepresentations that prevented Parent from filing for due process within the statute of limitations?

2.  a) Did Antioch School District from June 2012 to May 2015 fail to Child Find and assess Student in all areas of suspected disability, by failing to perform: Mental Health assessment, Emotional Disturbance, and Full Comprehensive assessment?

    b) Did the District Deny Student a free appropriate public education from June 2012 to June 2015, by failing to conduct valid assessments designed to provide accurate results?

3.  Did the Antioch School District from May 2012 to May 2015 deny Student a FAPE by failing to give prior written notice to parent of its refusal to perform requested assessments or consideration of eligibility in all areas of suspected disability?

3

4. Did Antioch School district deny Student a FAPE from May 2012 through May 2015 by failing to draft appropriate IEP goals and objectives?

5. Did Antioch School District deny student FAPE by failing to provide an appropriate IEP from 2012 through May 2015 school years?

*Res Judicata/Collateral Estoppel*

District asserts that Issue 2 is barred by the doctrine of res judicata, and Issues 2, 4 and 5 are precluded by collateral estoppel.

ISSUE 2 – RES JUDICATA

In Complaint One, ALJ Freie concluded that Antioch did not deny Student a FAPE by violating its child find obligations or by failing to assess Student in all areas of suspected need through January 2015. She also concluded that, after January 22, 2015, Antioch procedurally violated the IDEA by failing to assess Student in the area of health, thereby impeding parental participation in the IEP process. ALJ Freie ordered Antioch to assess Student in the area of health. Her order was final and neither party offered evidence that it was overturned on appeal.

The primary right Student seeks in Complaint Two, Issue 2, is Student's right to be assessed from 2012 through May 2015, particularly in the area of health. That is the identical primary right Student litigated in Complaint One, and which was decided by ALJ Freie. Thus, Issue 2 is barred by the doctrine of res judicata as to all claims relating to Antioch's failure to assess Student prior to March 14, 2015, the day she filed Complaint One.

Issue 2 shall be limited to claims against Antioch relating to its duty to assess arising on or after March 14, 2015.

ISSUES 4 AND 5 – COLLATERAL ESTOPPEL

Based on the above findings relating to Issue 2, whether the doctrine of collateral estoppel applies is moot.

Student alleges in Issue 4 that District denied Student a FAPE from May 2012 to May 2015 by failing to draft appropriate goals and objectives for Student, assist her with needs in academics, executive functioning, memory and auditory processing. Issue 5 asserts District ignored Mother's requests for academic and mental health services from 2012 through the May 2015 school years. Antioch claims these issues should be precluded by collateral estoppel.

Antioch has the burden of establishing that the doctrine of collateral estoppel applies to Issues 4 and 5. ALJ Freie did not reach any specific legal conclusions that were final as to whether Antioch provided appropriate goals, objectives or FAPE as to Student's academic program and services. The issues raised in Complaint Two, Issues 4 and 5, are not precluded by collateral estoppel.

*Statute of Limitations*

District contends Student's complaint alleges claims that are barred by the applicable two-year statute of limitations. Student's complaint generally asserts that from and after 2011 Antioch withheld and misrepresented unspecified facts to Student's Spanish speaking mother at IEP meetings regarding the content and delivery of academic support and services to Student in her IEPs. Student further alleges that Mother did not agree with Student's IEPs offered by Antioch from 2011 through 2015.

OAH does not ordinarily grant summary judgment or dismiss claims based on the statute of limitations before the parties have had the opportunity to present evidence to the hearing officer. However, this case presents a unique situation. On March 14, 2013, Parent filed for due process in Complaint One against Antioch, asserting failure to assess and failure to offer a FAPE. Complaint One and Complaint Two assert identical claims covering the same time periods.

The hearing proceeded on the following Issue: "Did Antioch deny Student a FAPE from June 2013 to March 13, 2015, by failing to assess her in all areas of suspected disability, specifically in relation to her diagnosis of Hashimoto's diseases, and other frail health concerns?" Administrative Law Judge Rebecca Freie issued a final decision and order based upon the evidence presented to her. ALJ Freie made extensive findings of fact during the hearing, including based on Mother's testimony, covering the time period from and after 2011, including regarding assessments, IEP meetings, and Student's unique needs. Both parties had the opportunity to litigate the legal and factual issues in that case. ALJ Freie's findings of fact contradict Student's very broad allegation in Complaint Two, Issue 1, that Mother had no knowledge, or the basis for such knowledge, of the facts giving rise to her current claims because of Antioch's conduct from 2011 through March 13, 2015; or that Antioch made any misrepresentations prohibiting her from filing a complaint within the relevant statutory period.

District persuasively argues that the evidence is uncontroverted that, before she filed Complaint Two, and certainly during the course of litigation of Complaint One, Parent had or should have had knowledge of facts giving rise to claims against Antioch related to i) assessments, including as related to Student's Hashimoto's disease, ii) Antioch's IEP offers from June 2013 through March 13, 2015, and iii) whether or not Antioch provided her with prior written notice before she filed Complaint One. District contends that Mother's actual or imputed knowledge, confirmed in part by ALJ Freie's factual findings, supports a conclusion that no exception exists to the statute of limitations in this case.

Student has not alleged any specific facts in Complaint Two, or in opposition to this motion, controverting District's assertion that, under the unique facts of this case, neither of the two exceptions to the statute of limitations applies to Student's claims dating prior to May 31, 2013. Accordingly, for purposes of the statute of limitations, Student's Issue 1 is not supported by any facts establishing that the exceptions exist, and is barred by the doctrine of collateral estoppel. Student's Issues 3 through 5 are limited in time to the applicable two-year statute of limitations.

## ORDER

1. Antioch's motion to dismiss Issue 2 based on the doctrine of res judicata is partially granted. All claims alleged in Issue 2 arising before March 14, 2015, are precluded by the doctrine of res judicata, and therefore dismissed.

2. Antioch's motion to dismiss Issues 4 and 5 based on the doctrine of collateral estoppel is denied.

3. Antioch's motion to dismiss time-barred claims against Antioch is granted. Issue 1 is dismissed. Issue 2 is limited in time from and after March 14, 2015. Issues 3 through 5 are limited in time to the applicable two-year statute of limitations.

4. All dates previously set in this matter are confirmed.

DATE: July 15, 2016

DocuSigned by:
*Adrienne L. Krikorian*
ADRIENNE L. KRIKORIAN
3475616B5EDF4C6...
Administrative Law Judge
Office of Administrative Hearings